UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCHANTS MUTUAL INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>TOWNSHIP OF HADDON,<br><br>　　　　　　　　　　Defendant | : <br> : <br> : <br> : <br> : Civil Action No.<br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND JURY TRIAL DEMAND

Plaintiff Merchants Mutual Insurance Company (hereinafter "Merchants"), by way of complaint for declaratory judgment, avers as follows:

### VENUE AND JURISDICTION

1.　　Merchants is an insurance company incorporated in the State of New York with its principal place of business located in Buffalo, New York.

2.　　Defendant Township of Haddon (hereinafter, "Haddon") is a municipality located in Camden County, New Jersey.

3.　　This court has subject matter jurisdiction pursuant to 28 U.S.C. ¶ 1332(a)(1), as the plaintiff and defendants are citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### FACTS

4.　　Merchants provided insurance coverage to Haddon under policies of insurance number 7MP0056309038 for the periods 6/8/76-6/8/79; 6/8/79-6/8/80; 6/8/80-6/8/81; 6/8/81-

6/8/82 and 6/8/82-1/8/83 ("the policies").

5.  In 1987, General Electric ("GE") commenced a lawsuit against numerous parties, including defendant Haddon, in the United States Court for the District of New Jersey under docket number 87-4263 ("the 1987 lawsuit").

6.  A copy of GE's Second Amended Complaint pertaining to the 1987 lawsuit is attached hereto as **Exhibit A**.

7.  In the 1987 lawsuit, GE sought, among other relief, contribution from Haddon for past and future clean up, removal, and response costs as a result of discharge of pollutants at the Buzby Landfill site, as well as a declaratory judgment that Haddon and other defendants were liable to GE for any past and future response costs relating to the Buzby Landfill site.

8.  Subsequent to GE's filing of the 1987 lawsuit, a number of coverage disputes arose between Haddon and Merchants relating to the allegations asserted in the 1987 lawsuit against Haddon and in another unrelated lawsuit.

9.  The coverage disputes relating to GE's 1987 lawsuit ultimately resulted in a coverage action commenced by Haddon against Merchants and several other insurance carriers in the United States Court for the District of New Jersey under docket number 95-CV-701 ("the coverage action").

10. A copy of Haddon's Amended Complaint pertaining to the coverage action is attached hereto as **Exhibit B**.

11. In the coverage action, Haddon sought declaratory relief, which included, among others, requests for judicial declarations that Merchants had a duty to defend and indemnify Haddon against the allegations asserted in the 1987 lawsuit by GE, as well as in connection with any future lawsuits against Haddon which may be brought as a result of the alleged

environmental pollution at the Buzby Landfill.

12. Merchants took the position in the insurance coverage action that no coverage existed under the policies of insurance issued to Haddon by Merchants based upon the terms and provisions of those policies.

13. The insurance coverage claims and defenses asserted in the coverage action were subsequently negotiated and resolved by Haddon and Merchants by way of a settlement, and a Mutual Release and Settlement Agreement was executed by the parties in 1997.

14. A copy of the 1997 Mutual Release and Settlement Agreement is attached hereto as **Exhibit C**.

15. The Mutual Release and Settlement Agreement, among other terms, provides as follows:

> WHEREAS, Haddon and Merchants wish to fully and finally resolve all their disputes with regard to Merchants' duty to provide Haddon with a defense and indemnity in the Buzby and Pennsauken suits, and any actions which in any way may refer to, relate to, or arise out of the pollution alleged in these enumerated actions, and Haddon and Merchants agree that it is in their mutual interest to so resolve their disputes.
>
> . . .
>
> 1.5 Merchants and Haddon do individually and collectively hereby forever mutually release and discharge any and all claims, demands, actions, causes of action, rights, liabilities and other obligations which they may have or conceive themselves to have against each other, or damages incurred by Merchants or Haddon as a result, and any and all matters and things alleged or which could be alleged against Merchants and Haddon regarding, based upon, related to or arising from any act, omission, occurrence, or event regarding, based upon, or related to the pollution alleged in the Buzby and Pennsauken suits.
>
> . . .
>
> 3.1 Merchants and Haddon hereby represent and warrant that each is the sole owner of all pending, future, legal, equitable, fixed,

3

contingent, matured, unmatured, liquidated, unliquidated, or known or unknown claims, obligations, rights, allegations, demands, suits, or causes of action which are intended to be released and which are in fact released pursuant to this Agreement, and that no other person(s) or entity(ies) has any interest in any and all pending, future, legal, equitable, fixed, contingent, matured, unmatured, liquidated, unliquidated, or known or unknown claims, obligations, rights, allegations, demands, suits or causes of action which the parties intend to and do release pursuant to this Agreement.

16.   In 2007, ten years after the 1997 Mutual Release and Settlement Agreement was executed by Merchants and Haddon, a lawsuit was commenced by the New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection and the Administrator of the New Jersey Spill Compensation Fund against General Electric Company ("GE") and several other defendants (hereinafter, "the 2007 lawsuit").

17.   A copy of the complaint in the 2007 lawsuit is attached as **Exhibit D**.

18.   The 2007 lawsuit asserts various statutory causes of action and seeks damages and recovery of past and future remediation costs related to the alleged "discharge of hazardous substances and pollutants at the Buzby Sanitary Landfill site in Voorhees Township, New Jersey."

19.   The 2007 lawsuit further seeks damages and recovery of past and future remediation costs related to the alleged injuries to natural resources of the State of New Jersey "as a result of the discharge of pollutants and hazardous substances and the improper operation of the sanitary landfill facility at the Buzby Sanitary Landfill site."

20.   As a result of claims asserted in the 2007 lawsuit against GE, GE filed a third-party complaint against several parties, including Haddon, seeking contribution and indemnification in connection with the claims asserted against GE as a result of the alleged discharge of pollutants at the Buzby Sanitary Landfill site.

21. A copy of GE's answer and third-party complaint pertaining to the 2007 lawsuit is attached as **Exhibit E**.

22. Haddon submitted a claim to Merchants seeking a defense and indemnification under above-referenced policies of insurance in connection with GE's third-party claims against the Township of Haddon.

23. Merchants has issued a declination of coverage to Haddon based upon the 1997 Mutual Release and Settlement Agreement.

## CLAIM FOR DECLARATORY JUDGMENT

24. Any and all insurance coverage claims by Haddon that in any way relate to any liability by Haddon to GE or any other party as a result of the claimed environmental pollution at the Buzby Landfill have been settled, released, and forever discharged pursuant to the 1997 Mutual Release and Settlement agreement entered into by Merchants and Haddon.

25. Any and all coverage obligations under the above-referenced policies of insurance issued by Merchants to Haddon have been settled, released, and forever discharged in connection with any claims against Haddon arising from the Buzby Landfill contamination.

26. Merchants has no duty to defend or indemnify Haddon in connection with the 2007 lawsuit.

**WHEREFORE**, plaintiff Merchants Mutual Insurance Company requests that judgment be entered as follows:

1) Declaring that the claims and damages asserted against Haddon in the 2007 lawsuit are not covered by the policies of insurance issued to defendant bearing number 7MP0056309038, including all renewals;

2) Declaring that Merchants Mutual Insurance Company has no duty to defend

and no duty to indemnify Haddon in connection with any claims relating to the Buzby Landfill contamination;

3) That judgment be entered in Plaintiff's favor and against Haddon;

4) Awarding Plaintiff its costs, fees and expenses, and

5) Awarding such other relief as the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Merchants Mutual Insurance Company hereby demands a trial by jury on all issues.

        MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

BY:   /s/ Steven J. Polansky
        Michael A. Gorokhovich, Esquire
        Steven J. Polansky, Esquire
        200 Lake Drive East, Suite 300
        Cherry Hill, NJ  08002
        (856) 414-6000 telephone
        (856) 414-6077 facsimile
        Attorneys for Merchants Mutual Insurance Company

Date:  April 30, 2010

06/1792961.v1