UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCHANTS MUTUAL INSURANCE COMPANY,<br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>TOWNSHIP OF HADDON,<br>　　　　　　　　　　Defendant | Civil Action No.<br>1:10-cv-02202-JEI-AMD<br><br>**ANSWER OF PLAINTIFF, MERCHANTS MUTUAL INSURANCE COMPANY, TO THE COUNTERCLAIM OF DEFENDANT, TOWNSHIP OF HADDON AND JURY TRIAL DEMAND** |

　　　Plaintiff/Defendant on the Counterclaim, Merchants Mutual Insurance Company, by way of answer to the Counterclaim of Defendant/Counterclaimant, Township of Haddon, by like-numbered paragraphs avers as follows:

### VENUE & JURISDICTION

1. Admitted.
2. Admitted.
3. Admitted.

### FACTS

4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.

9. Admitted.

10. Denied.  By way of further response, any and all obligations of Merchants Mutual Insurance to the Township of Haddon have been discharged and released pursuant to the Mutual Release and Settlement Agreement executed in 1997.

11. Admitted.

12. Denied as stated.  It is admitted that in the coverage action, Haddon sought declaratory relief, which included, among others, requests for judicial declarations that Merchants had a duty to defend and indemnify Haddon against the allegations asserted in the 1987 lawsuit by G.E., as well as in connection with any and all future lawsuits against Haddon which might be brought as a result of the alleged environmental pollution at the Buzby Landfill. By way of further response, said allegations relating to future claims were dismissed with prejudice based upon the Mutual Release and Settlement Agreement executed by Merchants Mutual Insurance Company and Township of Haddon in 1997.

13. Denied as stated.  It is admitted only that a controversy regarding any duty to provide a defense and indemnification to the Township of Haddon arose between the Township of Haddon and Merchants Mutual Insurance Company in connection with the underlying environmental lawsuits.  By way of further response, all such controversies were resolved by a settlement pursuant to the terms and provisions of the Mutual Release and Settlement Agreement between the Township of Haddon and Merchants Mutual Insurance Company, entered into in 1997.

14. Denied in part.  It is admitted that a Mutual Release & Settlement Agreement was entered into by the Township of Haddon and Merchants Mutual Insurance Company in 1997.  It is denied that said agreement acknowledged any duty on the part of Merchants Mutual Insurance

2

Company.  By way of further response, Paragraph 2.4 of said Agreement expressly states that "this Agreement does not evidence or adopt an admission whatsoever regarding insurance coverage or liability of any nature on the part of any party regarding thereto for any purpose." By way of yet further response, said Release and Settlement Agreement was a general release that specifically released any and all future liability of Merchants Insurance Company to the Township of Haddon in connection with any and all actions relating to alleged environmental pollution at the Buzby Landfill.

  15. Denied as stated.  It is admitted that the quoted portion exists in the 1997 Release and Settlement Agreement.  It is denied that the quoted portion is an admission of any liability on the part of Merchants Mutual Insurance Company to the Township of Haddon. By way of further response, Paragraph 2.4 of said Agreement expressly states that "this Agreement does not evidence or adopt an admission whatsoever regarding insurance coverage or liability of any nature on the part of any party regarding thereto for any purpose."  By way of yet further response, said Release and Settlement Agreement was a general release that specifically released any and all future liability of Merchants Insurance Company to the Township of Haddon in connection with any and all actions relating to alleged environmental pollution at the Buzby Landfill.

  16. Merchants Mutual Insurance Company has no knowledge and information sufficient to respond to this averment regarding Haddon's settlement agreement with Royal Insurance Company, and therefore, this averment is denied and defendant/counterclaimant is to be held to its proofs thereof.

  17. Denied.  It is denied that the Release and Settlement Agreement entered into by Merchants Mutual Insurance Company and Township of Haddon in 1997 was not a general

release.  By way of further response, the terms and provisions of the 1997 Release and Settlement Agreement provided for the release of any and all claims against Merchants Mutual Insurance Company relating to any and all alleged liability by the Township of Haddon for environmental pollution at the Buzby Landfill, including all past and future claims.  By way of further response, Merchants Mutual Insurance Company has no knowledge and information sufficient to respond to the part of this averment regarding Haddon's settlement agreement with Royal Insurance Company, and therefore, this averment is denied and defendant/counterclaimant is to be held to its proofs thereof.

18. Admitted.

### FIRST COUNT

19. Plaintiff/Defendant on the Counterclaim, Merchants Mutual Insurance Company, repeats its answers to averments in Paragraphs 1 through 19 as if set forth at length herein.

20. Denied as stated.  Insurance coverage provided by Merchants Mutual Insurance Company to the Township of Haddon was provided under policies of insurance number 7MP0056309038 over several policy terms from June 8, 1976 through January 8, 1983.

21. Denied.  Any and all past and future coverage obligations of Merchants Mutual Insurance Company to the Township of Haddon with respect to alleged environmental pollution at the Buzby Landfill pursuant to the policies of insurance referenced in the answer to preceding averment have been discharged and released in accordance with the terms and provisions of the Release and Settlement Agreement entered into by the Township of Haddon and Merchants Mutual Insurance Company in 1997.

22. It is admitted that such a demand was made by the Township of Haddon.  It is denied that any such obligation exists on the part of Merchants Mutual Insurance Company.

23. Denied as stated. Merchants Mutual Insurance Company has disclaimed coverage to the Township of Haddon in connection with the environmental litigation commenced in 2007 based upon the terms and conditions of the Release and Settlement Agreement executed by Merchants Mutual Insurance Company and the Township of Haddon in 1997. By way of further response, Merchants Mutual Insurance Company has reserved its rights to reassert all coverage defenses previously raised in connection with the 1995 coverage action relating to the terms and provisions of said policies of insurance.

24. Admitted.

25. Admitted.

**WHEREFORE**, Plaintiff/Defendant on the Counterclaim, Merchants Mutual Insurance Company requests that judgment be entered as follows:

1) Declaring that the claims and damages asserted against Haddon in the 2007 lawsuit are not covered by the policies of insurance issued to defendant bearing number 7MP0056309038, including all renewals;

2) Declaring that Merchants Mutual Insurance Company has no duty to defend and no duty to indemnify Haddon in connection with any claims relating to the Buzby Landfill contamination;

3) That judgment be entered in Plaintiff's favor and against Haddon;

4) Awarding Plaintiff its costs, fees and expenses, and

5) Awarding such other relief as the Court deems just, proper, and equitable.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to set forth a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred by the Doctrine of Accord and Satisfaction.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of equitable and contractual estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of issue preclusion.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrine of claim preclusion.

### EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim is barred by the terms and conditions of the Release and Settlement Agreement mutually entered into by Merchants Mutual Insurance Company and the Township of Haddon in 1997.

### DEMAND FOR JURY TRIAL

Plaintiff/Defendant on the Counterclaim hereby demands a trial by jury on all issues.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**


BY: __/s/ Michael A. Gorokhovich_____
       MICHAEL A. GOROKHOVICH, ESQUIRE
       Attorney for Plaintiff/Defendant on the
       Counterclaim, Merchants Mutual Insurance
       Company

DATED: __July 22, 2010_____

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCHANTS MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff<br><br>v.<br><br><br>TOWNSHIP OF HADDON,<br><br>    Defendant | :<br>:<br>:<br>:<br>:  Civil Action No.<br>:  1:10-cv-02202-JEI-AMD<br>:<br>:<br>:<br>:<br>:<br>: |

**CERTIFICATION OF FILING/SERVICE**

  The within ANSWER OF PLAINTIFF, MERCHANTS MUTUAL INSURANCE COMPANY, TO THE COUNTERCLAIM OF DEFENDANT, TOWNSHIP OF HADDON AND JURY TRIAL DEMAND was filed via Electronic Filing with the United States District Court for the District of New Jersey, Camden Vicinage on July 22, 2010 and a copy was forwarded via electronic filing to:

David K. Cuneo, Esquire
Law Offices of David K. Cuneo
885 Haddon Avenue
Collingswood, NJ 08108
**Attorney for Defendant, Haddon Township**

  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

          **MARSHALL, DENNEHEY, WARNER,
          COLEMAN & GOGGIN**

          BY:  __/s/ Michael A. Gorokhovich_____
             MICHAEL A. GOROKHOVICH, ESQUIRE
             Attorney for Plaintiff/Defendant on the
             Counterclaim, Merchants Mutual Insurance
             Company

DATED:   __July 22, 2010_____

06/1891751.v1